IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA P. ROGERS,

        Plaintiff,

  vs.                                        CIVIL NO.   04-216 JC/LFG

REGENTS OF THE UNIVERSITY
OF NEW MEXICO, and SUSAN
SCOTT, M.D., in her individual
capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel [Doc. 42]. The Court has considered the motion, response and reply and determines that oral argument is not necessary.

Plaintiff Sandra P. Rogers ("Rogers") claims that the Regents of the University of New Mexico and Dr. Susan Scott ("Defendants") discriminated against her on the basis of age and race when she applied for and failed to receive the position of Manager of Academic Affairs at the UNM School of Medicine in 2003. Rogers contends that had she received the promotion, her position with the University would have resulted in a reclassification from a Grade 12 to Grade 14, and, thereafter, to a Grade 15. Based on these presumptions, her expert, Dr. M. Brian McDonald is prepared to offer opinion testimony calculating Rogers' damages based on Dr. McDonald's assumptions of alternative reclassification and grade placement positions which Dr. McDonald believes would arise under the University's policies.

The University challenged Dr. McDonald's opinion, stating that "salary increases awarded on promotion are not formulaic at UNM," and stated instead that the University determines salary increases it offers upon promotion based primarily on two factors: (1) the qualifications the employee brings to the new job; and (2) what it will take in relation to their current salary to attract them to the new position. Thus, the University disputes that there is a formula at play and argues that discretion is a significant factor in setting salaries.

Rogers seeks information to refute Defendants' position and states that evidence of University-wide salary setting practices, for a period of five years, is necessary to challenge Defendants' position. Moreover, Rogers argues that in employment discrimination cases, broad discovery is the norm. *See* Rich v. Martin Marietta Corp., 522 F.2d 333, 343-344 (10th Cir. 1975).

Defendants counter with a claim that the information sought is not relevant nor likely to lead to the discovery of relevant, discoverable evidence, as there is no evidence contradicting the University's explanation that discretion plays a large role in setting salaries at the University. Defendants argue that the information requested by Rogers could involve more than 1,000 other individuals and vast amounts of voluminous records of salary experiences. Morever, Defendants argue that other University employees who hold different and more demanding positions may well have received higher increases than Rogers would have received had she been granted her request. Defendants further argue that the information on salaries of other individuals, not similarly situated, has no logical bearing on Rogers' claims.

Defendants argue that in balancing the burdens and expense to the University as opposed to the minimal benefit, if any, to Rogers, the balance should weigh in favor of the University and that it should be protected from having to produce extensive documentation from reams of records with little benefit to Rogers. Ultimately, Defendants state that should the Court order production, it

should limit the scope of discovery to the relevant department involved and not require University-wide discovery.

Rogers counters by stating that University-wide discovery is necessary because the University's opinion concerning Rogers' compensation expectations are really based on University-wide policy and practice, and, therefore, what has happened to other employees is relevant in considering what would have occurred to Rogers had she been successful in her request for promotion.

Rogers is correct in her argument that in the Title VII arena, a plaintiff may be allowed extensive discovery to prove her case. Moreover, an employer's general employment practices may be relevant even in individual disparate treatment lawsuits. Nevertheless, the desire to allow broad and liberal discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both parties. Gomez v. Martin Marietta Corp.. 50 F.3d 1511, 1520 (10th Cir. 1995); Rich v. Martin Marietta Corp.; *see also* Scales v. J. C. Bradford & Co., 925 F.2d 901, 906 (6th Cir. 1991).

Balancing one party's right of discovery with the opposing party's right to be free from intrusive and burdensome discovery requires that the Court look at the following factors: (1) the requester's need for the information from this particular source; (2) the relevance of the requested information to the litigation; (3) the burden of producing the sought-after material; and (4) the harm or difficulty which would be caused to the party seeking to protect the information. The Court may appropriately deny the request altogether, limit the conditions, time, place or topics of discovery, or limit the manner in which the material will be disclosed. Koch v. Koch Industries, 203 F.3d 1202, 1238 (10th Cir. 2000)[non-employment case]; Burka v. U.S. Department of HHS, 87 F.3d 508, 517 (D.C. Cir. 1996)[non-employment case].

3

The Court's authority to limit discovery under Koch v. Koch and Burka v. U.S. Department of HHS is consistent with its obligation under the Civil Justice Reform Action, 28 U.S.C. § 471 *et seq.* Due to abusive, unchecked litigation practices that significantly increase the costs of litigation, congest court dockets, and contribute to the delays in the final disposition of lawsuits, Congress enacted the CJRA. Subsequently, the Federal Rules of Civil Procedure were modified to dovetail with this Act. Since the adoption of the CJRA and the revision of the Federal Rules of Civil Procedure, discovery has been significantly limited. Indeed, the Advisory Notes to Fed. R. Civ. P. 26 indicate that the change in the procedural rules serve as a signal to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses not already identified in the pleadings. The revised rules of procedure, specifically Fed. R. Civ. P. 26, vest the court with broad discretion in narrowly tailoring discovery and in dictating the sequence of discovery.

In this case, the Court determines that information concerning salary practice and procedures is relevant to Rogers' claims for relief. Rule 26. However, a University-wide discovery mandate would be expensive and time consuming, and the burdens, costs and delays of producing the information may far outweigh the benefits to Rogers.

Accordingly, the Court will order that Defendants produce the information requested in Interrogatory No. 1 and Request for Production No. 23, but will limit the production to those employees at the UNM School of Medicine. The Court will further limit the production of documents to the three-year period prior to the time Rogers applied for the position of Manager of Academic Affairs.

In sum, the Court grants in part and denies in part Rogers' motion. Defendants should produce the requested information within twenty days from date of this order.

                                        */s/ Lorenzo F. Garcia*
                                        Lorenzo F. Garcia
                                        Chief United States Magistrate Judge