FILED
04 DEC 30 AM 8:32
CLERK-ALBUQUERQUE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SANDRA P. ROGERS,

        Plaintiff,

v.                        No. Civ. 04-216 JC/LFG

REGENTS OF THE UNIVERSITY
OF NEW MEXICO and SUSAN SCOTT M.D.,
in her individual capacity,

        Defendants.

## MOTION FOR PROTECTIVE ORDER, RECONSIDERATION OF ORDER GRANTING DEPOSITION OF ELIZABETH STALEY & FOR ORDER TO SHOW CAUSE

Comes now Elizabeth Staley, by and through her attorney, Amy Landau, <u>who is making a limited appearance in this matter for the purposes of this Motion only</u>, pursuant to Rule 26 of the Federal Rules of Civil Procedure, and moves the Court for entry of a protective order providing that the deposition of Elizabeth Staley, set by the Plaintiff for January 4, 2005, not be had; and for entry of an Order directed to Defendant Regents requiring Defendant Regents To Show Cause why they have refused to provide independent defense counsel for Elizabeth Staley's deposition, which allegedly involves facts and circumstances relating to her job duties while employed as Defendant University's in house counsel.

A Notice of Non-Appearance for the deposition of Ms. Staley scheduled for January 4, 2005, is being provided to counsel for Plaintiff and Defendants in accordance with FRCP 26 and USDC Local Rule 30.2, along with this Motion.

As grounds for this Motion for a Protective Order and for an Order to Show Cause,



Ms. Staley states that material facts known to the Plaintiff's counsel and Defendant University and Defendants' counsel were not made known to the Court and/or Ms. Staley prior to the time the Court entered its Order on October 22, 2004, entitled Order Denying Defendant's Motion for Protective Order as Premature [#62]; and that since October 22, 2004 material and critical events have occurred that should the Court require Ms. Staley to testify at this deposition, she would be severely damaged and incur enormous undue burden and expense.

Those material facts include, but are not limited to:

1. On May 11, 2004, Ms. Staley, an in-house attorney for Defendant University was placed on administrative leave by the Defendant University, after she provided a truthful written statement on April 16, 2004, to Deborah Wells, Esq., who was hired by Defendant University to investigate another attorney's age discrimination complaint against the University.

2. On May 20, 2004, Ms. Staley filed a retaliation charge against Defendant University with the Albuquerque office of the Equal Employment Opportunity Commission.

3. On June 9, 2004, Ms. Staley was wrongfully served with a Notice of Contemplated Action proposing to discharge her for baseless reasons in retaliation for Ms. Staley's honest and truthful statements in support of the other attorney's age discrimination charges.

4. Since May 11, 2004, Defendant University has continually denied Ms. Staley access to her physical office, notes, e-mail and files.

5. On August 9, 2004, after Ms. Staley refuted the baseless and retaliatory allegations in the June 9 Notice of Contemplated Action, Defendant University through its agents and officials, demanded that Ms. Staley provide a statement in an unrelated plagiarism investigation as a witness. Nonetheless, Defendant University's officials and

agents continued to refuse Ms. Staley access to her office, notes, e-mails or any other documents that might have assisted in her preparation of the written statement they demanded.

6. On September 2, 2004, Defendant University served Ms. Staley with a Second Notice of Contemplated Action. Defendant University's Second NCA proposed to discharge her for alleged inconsistencies in the statement she provided in good faith regarding the plagiarism investigation, even though Ms. Staley stated she was relying solely upon her memory of events that occurred approximately a year earlier and that there were documents available in her office and on her computer e-mail account, all of which were in the sole custody and control of Defendant University, that would have assisted her in providing a complete and accurate statement.

7. While Defendant University was acting improperly toward Ms. Staley, Defendant University also failed to notify her of Plaintiff's setting of her deposition on September 30, 2004 in the instant action, as well as Defendants' September 16 filing of a Notice of Non-Appearance and Motion for Protective Order for Defendants' benefit. Until approximately December 27, 2004, Ms. Staley had never personally seen Plaintiff's Response to Defendant's Motion for Entry of a Protective Order filed September 21, 2004 [#44], Defendants' Reply Brief in Support of Motion for Protective Order filed September 27, 2004 [#49], or the Court's Order Denying Defendant's Motion for Protective Order as Premature [#62].

8. On Friday, October 29, 2004 after 4 pm, Ms. Staley was notified by Defendant University that she was discharged immediately without the usual two weeks notice.

9. On November 17, 2004, Ms. Staley filed a lawsuit in this Court alleging violation of her rights under Title VII by Defendant University captioned as Staley v.

Regents of the University of New Mexico (USDC CIV-04-1301 JP LFG); the same Defendant in the instant action.

10. No representatives of Defendant University ever informed Ms. Staley that her deposition was being sought or that a protective order had been filed in September or that Chief Magistrate Judge Lorenzo Garcia had ordered that her deposition may be taken. Upon information and belief, Ms. Staley first heard about Plaintiff's demand for her deposition when Plaintiff's counsel contacted Mr. Philip Davis, her attorney in her own action only, in December 2004. Plaintiff's counsel, Moody, reported that Defendants' counsel, Pound, referred him to Mr. Davis when Plaintiff's counsel sought to reschedule Ms. Staley's deposition in accordance with the Chief Magistrate Judge's order of October 22, 2004. Mr. Davis is Ms. Staley's counsel in Staley v. Regents of the University of New Mexico USDC CIV-04-1301 JP LFG), only.

11. Mr. Davis does not represent Ms. Staley in any matters other than Staley v. Regents of the University of New Mexico USDC CIV-04-1301 JP LFG).

12. When Mr. Davis was contacted regarding Ms. Staley's deposition, he inquired about the University providing outside counsel for Ms. Staley. Mr. Davis was told that despite the fact Ms. Staley was in an adversarial position with the University, the University was refusing to provide outside counsel for Ms. Staley for her deposition in this action.

13. Ms. Staley's personal files as well as anything relating to the Plaintiff's case file is within the sole custody and control of Defendant University and Ms. Staley has had no access to her office and files for more than six months, at the intentional and willful direction of Defendant University's representatives. Ms. Staley is not able to, and cannot independently recollect any specifics of the matters into which Plaintiff's counsel is seeking to inquire regarding the instant action.

14. Despite Defendant University's actual knowledge of the condition of the

4

employment relationship at the time Defendant University moved for the Protective Order for Ms. Staley's deposition, Defendant University knowingly and intentionally failed to inform Ms. Staley of the proceeding, failed to allow her to be heard in the proceeding, and failed to inform her of the existence of Judge Garcia's order, while preparing to fire her.

15. Upon information and belief, after October 29, 2004, Defendant University's counsel had a duty to inform the Court of the changed conditions regarding Ms. Staley's employment with Defendant University when she was fired. Nonetheless, Defendant University's counsel executed the Pre-Trial Order in this action on November 30, 2004 which was filed on December 1, 2004, without bringing the status of Ms. Staley's employment with Defendant University to anyone's attention and/or informing Ms. Staley that she would be deposed and needed to seek separate counsel.

16. Upon information and belief, both Plaintiff's and Defendant's counsel had a duty to inform Ms. Staley and/or Mr. Davis regarding Plaintiff's allegations against Ms. Staley of "crime/fraud" regarding the Defendants' EEOC response and that Plaintiff intended to question Ms. Staley regarding these allegations at her deposition with only Defendants' counsel, Pound, available to defend her; despite the criminal nature of the acts being alleged by Plaintiff and the fact that Ms. Staley's interests and Defendant University's interests were clearly adverse to each other. Plaintiff Response to Defendant's Motion for Entry of a Protective Order filed September 22, 2004 at page 6 [#44].

17. Upon information and belief, any and all information that Ms. Staley would need to review in order to be responsive to Plaintiff's counsel's deposition questions is in the sole custody and control of Defendant University, whose interests are completely adverse to Ms. Staley's.

18. Ms. Staley is without substantial income having been fired by Defendant University, has been required to retain counsel at her own expense to represent her

5

against Defendant University to recover back pay and reinstatement, and cannot afford to pay yet another attorney to guard against Defendant University from knowingly and intentionally conflicting out Mr. Davis by having him represent her and Defendant University in her deposition in this action. Defendant University has intentionally and willfully refused to provide for and pay for Ms. Staley's independent defense counsel in this deposition which *should* relate solely to her job duties and actions taken within the course and scope of her work as an attorney for Defendant University.

19. Despite demand, both Plaintiff's counsel, Moody, and Defendants' counsel, Pound, have refused to cancel Ms. Staley's January 4, 2005 deposition. A copy of a December 27, 2004 letter making such request to both attorneys is attached hereto as Exhibit "A" and incorporated herein by reference. A copy of Plaintiff's counsel, Moody's December 27 2004 response is attached hereto as Exhibit "B" and incorporated herein by reference. A copy of Defendants' counsel, Pound's December 28, 2004 response is attached hereto as Exhibit "C" and incorporated herein by reference.

20. Despite representations contained in Plaintiff's Response filed September 21, 2004 at page 13, Plaintiff's counsel, Moody, now proposes to question Ms. Staley regarding her own action against Defendant University, thereby further prejudicing Ms. Staley and allowing Defendants' counsel and Defendants' representatives free unlimited discovery in Ms. Staley's own action, not this action. See copy of Moody December 16, 2004 letter to Mr. Davis stating he will question Ms. Staley regarding her lawsuit, a scope far beyond that which he previously represented to the court. A copy of Moody's letter is attached hereto as Exhibit "D" and incorporated herein by reference.

21. The actions of Plaintiff's and Defendants' counsel and of Defendant University in the instant action in relation to Ms. Staley are material in relation to Ms. Staley's unlawful termination and her own lawsuit. Consequently, it is highly likely that both

6

Mr. Moody and Mr. Pound will be material witnesses in Ms. Staley's lawsuit; and therefore they should not be allowed to proceed to take Ms. Staley's deposition in this action under the circumstances.

If Ms. Staley is forced to proceed with this deposition, she will be severely damaged in her own action, as well as being placed in a position knowingly and intentionally by both Plaintiff and Defendant University for oppressive reasons creating an undue burden and expense upon her both legally and financially.

If Ms. Staley is required to be deposed without the assistance of her own independent attorney, paid for by the Defendants, Ms. Staley would be deprived of her right to have a confidential relationship with legal counsel. Defendants' attorney has a legal duty to share any information that Ms. Staley provided to him in confidence with the Defendants, who retained him and pay his fee. Ms. Staley must not be deprived of the rights and privileges inherent in the attorney-client relationship by being forced to share legal representation with the Defendant University and its representatives, the same parties who have previously engaged in illegal action against her and which actions form the basis of her own lawsuit against Defendant University.

WHEREFORE, Ms. Staley seeks entry of an Order that the deposition of Elizabeth Staley scheduled for January 4, 2005 be vacated and Ms. Staley be excused from being deposed by Plaintiff or Defendants in the above-captioned matter. Ms. Staley further seeks entry of an Order requiring Defendant University to show cause why, due to the conflict of interest created by Defendant University, between Defendant University and Ms. Staley; Defendant University should not be required and ordered by this Court to retain independent legal counsel to defend Ms. Staley in a deposition regarding her job duties while employed by Defendant University. Ms. Staley seeks a telephonic hearing pursuant to Local Civil Rule 7.8 before a decision on this matter is rendered.

Counsel for the Plaintiff and the Defendants do not concur in this motion.

Respectfully submitted,

*(signature)*

AMY LANDAU
P.O. Box 4337
Albuquerque, NM 87196-4337
505-341-0027

*Attorney for Elizabeth Staley*
*Making a Limited Appearance for*
*Elizabeth Staley*

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December, 2004, a true & correct copy of the foregoing Motion for Protective Order and was faxed & mailed, first class, postage prepaid, to the following counsel of record:

| | |
|---|---|
| Christopher M. Moody | John B. Pound |
| Repps D. Stanford | Long, Pound and Kormer |
| Moody & Warner | 2200 Brothers Road |
| 4169 Montgomery Blvd. NE | P.O. Box 5098 |
| Albuquerque, NM 87109 | Santa Fe, NM 87502-5098 |
| fax 505-944-0033 | fax 505-982-8513 |

*(signature)*
Amy Landau

AMY LANDAU
ATTORNEY AT LAW
P. O. BOX 4337
ALBUQUERQUE, NEW MEXICO 87196-4337
TELEPHONE (505) 341-0027

December 27, 2004


EXHIBIT A

VIA FAX & REGULAR MAIL

Christopher M. Moody  
Attorney for Plaintiff  
4169 Montgomery Blvd. NE  
Albuquerque, NM 87109

John B. Pound  
Attorney for Defendants UNM  
P.O. Box 5098  
Santa Fe, NM 87502-5098

RE: Deposition of Elizabeth Staley - January 4, 2005
Rogers v. Regents of the University of New Mexico et al.
No. Civ. 04-216 JC/LFG

Dear Sirs:

This office has been retained for the limited purpose of representing Elizabeth Staley regarding your demands for the above deposition. As you both apparently know now, Phil Davis currently represents Elizabeth Staley in her own federal law suit against UNM and others regarding retaliatory termination of Ms. Staley from her position as counsel for UNM Health Sciences Center.

For some reason, unknown to both myself and Ms. Staley, you choose to obtain Phil Davis' consent to Ms. Staley's deposition in your case while ignoring pertinent issues and facts. Ms. Staley was intentionally and willfully wrongfully fired from her job at UNM with great malice. You are now demanding that she appear for a deposition to be questioned regarding actions she took while in the course and scope of that same job from which she was fired. UNM has a duty to provide defense counsel to her for the deposition given the scope of the proposed deposition. Yet UNM and Risk Management have both failed and refused to provide Ms. Staley with defense counsel for this deposition, thereby damaging her further.

There appears to have been some type of miscommunication between Ms. Staley and Phil Davis and yourselves or there was a knowing and intentional attempt by you to have Phil Davis represent her in the deposition regarding action taken within the course and scope of her employment with UNM, that could be used to conflict out Phil Davis from continuing to represent her. Ms. Staley was fired by UNM and no longer works for the institution. Any testimony in your proposed deposition clearly involves testimony regarding Ms. Staley's activities as a UNM employee, the same activities which are at issue in her own litigation.

You are both aware that Ms. Staley's action against UNM is predicated upon the same job performance issues which you are insisting that she testify about in her deposition in your litigation. Numerous questions arise in my mind. Why didn't UNM provide notice to Ms. Staley of a hearing on whether her deposition could be taken in your action, so that she could appear and respond appropriately? Does UNM knowingly and intentionally want to use this deposition to obtain Elizabeth' waiver of her rights in her suit against the University?

There is a clear legal conflict between what she is being requested to be deposed about in your litigation, and her own litigation against UNM, the party she is supposed to be representing at your deposition. Your demands that Ms. Staley be deposed under these circumstances are unreasonable and create potential for further enormous damages to Ms. Staley by you and the University.

I do not have a copy of any pleadings in which Ms. Staley's deposition was ordered by the court and/or in which either one of you informed the court of this situation orally or in writing, despite the University's knowledge that Ms. Staley was discharged thirty days earlier. A general announcement to the Health Sciences Center personnel about Ms. Staley's departure was made on or about November 4. I do have a copy of the Pre-Trial Order executed by both of you on November 30, 2004 in which no mention and/or disclosure of Ms. Staley's unlawful termination and her suit against the University is made to the court. Please forward to me immediately any and all pleadings and hearing records relating to the court's knowledge or consent or approval for: 1) the taking of Ms. Staley's deposition in this action, given the facts in Ms. Staley's own suit; and, 2) UNM's defense of Ms. Staley, absent Ms. Staley's knowledge, when her deposition was requested in this action.

Given the circumstances of Ms. Staley's own case against University, and University's knowledge of Ms. Staley's wrongful termination and the filing of her own action against UNM, it appears that someone somewhere acted improperly obtaining and/or consenting to Ms. Staley's deposition in your action.

Under Rule 26, you were required to notify Ms. Staley prior to setting any hearing on a request that her deposition be taken and to give her the opportunity to be heard regarding the taking of a deposition where any testimony clearly prejudices her own case. UNM also has a duty to provide her with defense counsel for the deposition which involves issues regarding the course and scope of her job duties and actions at UNM. UNM's refusal to do so, further damages her by requiring her to obtain and pay for defense counsel to halt an improper deposition which should never have been set in

the first place. Whether the current situation is the result of an intentional act committed by licensed New Mexico attorneys or an unintentional omission, the fact is that actions have occurred in direct violation of all rules governing the practice of law in New Mexico.

In the event I do not receive notice of the cancellation of Ms. Staley's January 4, 2005 deposition from you by 5 pm on December 27, 2004, I will be filing a Notice of Non-Appearance on Ms. Staley's behalf and will proceed accordingly as allowed by the rules to notify the court of the facts and circumstances regarding your attempts to depose Ms. Staley improperly. Hopefully that will not be necessary.

All costs and expenses of being required to defend Ms. Staley in this action will be sent to UNM for immediate reimbursement directly to Ms. Staley and added to the list of damages Ms. Staley has incurred as a result of UNM's improper actions. Based upon UNM's duty to mitigate Ms. Staley's damages, cancellation of her deposition would be appreciated.

Your immediate attention and response to the above is appreciated.

                                      Sincerely,

                                      AMY LANDAU

AL:al
cc: Elizabeth Staley, e-mail & U.S. Mail

# MOODY & WARNER, P.C.
LABOR & EMPLOYMENT ATTORNEYS

December 27, 2004

**BY FACSIMILE**
Amy Landau, Esq.
PO Box 4337
Albuquerque, NM 87196-4337

    Re:   *Rogers v. Regents of the University of New Mexico*, U.S. District Court Case No. CIV 04-216 JC/LFG

Dear Ms. Landau:

    This office represents the Plaintiff, Sandra Rogers in the above captioned matter. We are in receipt of your December 27, 2004 letter regarding Ms. Staley's deposition. In light of (1) a court order allowing Ms. Staley's deposition in our case; and (2) the tortuous negotiations I have had with Mr. Davis regarding the date, length and limitations on the issues to be covered in the deposition, I was surprised by the tone and content of your letter.

    Let me provide you with some background. Ms. Rogers is prosecuting an age discrimination case against UNM that is set for trial beginning February 8, 2005. During discovery in this case, Ms. Rogers learned that UNM submitted materially false affidavits to the EEOC and incorporated the same in its EEOC position statement. UNM then submitted that same information to the Court for purposes of its summary judgment motion. Testimony confirm that Ms. Staley prepared both the affidavits and UNM's position statement and the witnesses whose false affidavits were submitted have been purposefully vague as to how the false statements got into the affidavits. This made Ms. Staley's role in preparing the affidavits discoverable. On approximately September 15, 2004 we served a Notice to take the Deposition of Elizabeth Staley via fax to John Pound, Esq., who is defending UNM in the case. I am attaching a copy of my letter and the deposition notice.

    One day later, Mr. Pound filed a Notice of Non-Appearance for Ms. Staley, Motion for Protective Order and Memorandum in Support of Protective Order [doc. nos. 30-32]. On October 22, 2004, Magistrate Lorenzo Garcia denied the Motion and indicated that Ms. Rogers could notice and obtain Ms. Staley's deposition and that privileged matters would be resolved as they arose. A copy of that Order is attached hereto for your information.

4169 Montgomery Blvd. NE
Albuquerque, NM 87109

Phone 505.944.0033
Fax 505.944.0034

LITIGATION & ADVICE IN:
Labor & Employment Law
Wrongful Termination
Employment Discrimination
Wage & Hour
Employee Handbooks
Labor/Management Relations


EXHIBIT B

On November 17, 2004 following a hearing on UNM's motion for summary judgment I asked Mr. Pound whether he was in a position to produce Ms. Staley for deposition. He said that he was and I asked him to provide me with dates. At that time I was not aware of Ms. Staley's own lawsuit against UNM or even of the fact that she had her own counsel. I heard nothing from Mr. Pound, but did discover the existence of Ms. Staley's lawsuit and so wrote Mr. Pound again on December 2, 2004 requesting an update on Ms. Staley's deposition. A copy of that letter is attached hereto. In response, Mr. Pound indicated that I should go ahead and subpoena Ms. Staley.

I then spoke to Phil Davis, Esq., to inquire into scheduling the deposition and followed up with a letter dated December 7, which is attached. I do not understand your charge regarding some alleged desire or motive to "conflict out" Mr. Davis. I contacted Mr. Davis because I knew that he represented Ms. Staley, the Court had already authorized her deposition, we needed her deposition, UNM would not produce her, and the rules prohibited us from contacting her directly. Accordingly, in full compliance with both the New Mexico Rules of Professional Conduct, as well as all other applicable rules, I spoke with Mr. Davis directly several times in an effort to effect a compromise regarding the scope of Ms. Staley's deposition testimony, specifically as it related to her lawsuit against the University.

Ultimately, that compromise was made and memorialized in a series of letters whereby we agreed that Ms. Staley will only be asked the following questions regarding her lawsuit against UNM: 1) confirmation of the lawsuit; 2) identification of her complaint ; 3) an affirmation that she has reviewed the complaint; and 4) confirmation of the accuracy of the allegations in the complaint to the best of her knowledge and belief. See letters attached hereto. In exchange, Mr. Davis agreed to accept service of the subpoena and deposition notice on Ms. Staley's behalf.

Thereafter we noticed Ms. Staley's deposition for January 4, 2005, as had been agreed upon, and served the notice and subpoena on Mr. Davis. This was done in full accordance with both Fed. R. Civ. P. 30 and D.N.M.LR-Civ. 30.1 and Magistrate Garcia's October 22, 2004 discovery Order. I do not understand your allegation about advising the court of Ms. Staley's lawsuit and I do not believe that I have done anything improper.

Ms. Staley has been properly subpoenaed and we expect her to appear for her deposition on January 4, 2004 at 9:00 a.m. We will comply with our agreement regarding the scope of questioning about Ms. Staley's lawsuit and time limit for the deposition. I am only interested in securing Ms. Staley's deposition and I certainly hope she appears. Given that Mr. Davis accepted service of the subpoena on behalf of Ms. Staley I do not see that there is any basis for her non-appearance at the deposition and should you proceed with a

Amy Landau, Esq.
December 27, 2004
Page 3

motion for protective order or should Ms. Staley fail to appear, we will proceed accordingly and will seek costs and fees.

Please call me if you have further questions or concerns or if you wish to discuss this matter further.

Sincerely,

**MOODY & WARNER, P.C.**

By: _____
Christopher M. Moody

Enclosures

John B. Pound, Esq. (w/ encl. via fax)
Philip B. Davis, Esq. (w/ encl. via fax)

3

# Long, Pound & Komer, P.A.
Attorneys at Law

Nancy R. Long
John B. Pound
Mark E. Komer

Erika E. Anderson

December 28, 2004

<u>Via US Mail & Facsimile (505-342-0251)</u>
Amy Landau Esq
P. O. Box 4337
Albuquerque, NM 87196-0027

RE: **Rogers v. Regents of UNM**
**USDC Case No. CIV 04-216 JC/LFG**
**Deposition of Elizabeth Staley (01/04/2005)**



Dear Ms. Landau:

I have your letter of December 27, 2004 concerning the above matter.

I think we should approach this matter with a view to the fundamentals. Sandra Rogers has sued the Regents of the University of New Mexico. In her lawsuit, Ms. Rogers contends that she was not given a position she sought because of her age. The Regents deny this contention.

In the course of discovery, counsel for Ms. Rogers made it known that he wanted to take Elizabeth Staley's deposition. Obviously, the only subjects Mr. Moody could properly explore in Ms. Staley's deposition would concern any involvement she had in the Rogers matter.

As a practical matter, I have felt all along that it would be appropriate for Phil Davis to be in attendance at his client's deposition in the Rogers case to guard Ms. Staley's interests in case everyone is surprised and questions are put to her dealing with her own litigation. Since I am defending the Regents in the Rogers case, and Ms. Staley shall be giving her deposition in that case with her "Rogers" hat on, it strikes me that there is no need to retain an additional lawyer to represent Ms. Staley in the deposition. If questions are posited which invade the attorney-client privilege or are otherwise objectionable, I would be in a position to invoke the relevant privilege or make the appropriate objection.

Given this, I did not and do not see how Mr. Davis would be compromised if he attended the deposition. He would not be representing the interests of the Regents. To the contrary, he would be solely looking after the interests of his client, Ms. Staley.

I am not the decision maker when it comes to suggestions that additional counsel be retained. I have passed your letter along to University counsel. I can tell you, however, that there was never any thought to creating a conflict for Mr. Davis. I just do not see it. As a matter of fact, I cannot personally think of anyone better to attend Ms. Staley's deposition than the lawyer who knows her case the best. If any questions were put to Ms. Staley in her deposition which peripherally

12/29/04

Ann Landau, Esq.
December 28, 2004
Page 2

seem to involve her own lawsuit, no one would be more likely to recognize it than Mr. Davis.

When Ms. Staley's deposition was noticed, I filed a notice of non-appearance and a motion for protective order supported by a brief. Mr. Moody responded and United States Magistrate Judge Lorenzo Garcia ordered that the deposition go forward. I had argued, as you will see when you read the brief, that Ms. Staley should not have to sit for a deposition at all. Judge Garcia felt that the appropriate procedure is for the deposition to go forward with appropriate objections/instructions not to answer being made. You can find these pleadings on the United States District Court's website at www.nmcourt.fed.us.

Ms. Rogers' case is not against Elizabeth Staley. It is against the Regents of the University of New Mexico. It was for UNM to seek the protective order, which we did. UNM, after all, was Ms. Staley's client at all times relevant. The attorney-client privilege belongs to the client, not the attorney.

I strongly disagree when you say that "Someone somewhere acted improperly obtaining and/or consenting to Ms. Staley's deposition. . . ." To begin with, we did not consent to the deposition – we resisted it. When a court orders that the deposition go forward, the order must be obeyed. Ms. Staley is not a party in the Rogers case. She is simply a witness. She has the right to be represented at her deposition and apparently has exercised that right by retaining you.

Again, these are my personal thoughts as the attorney for the defendants in the Rogers litigation. In light of the accusative tone of your letter, I felt it would be appropriate for me to explain why I disagree with your analysis of things.

Yours very truly,

LONG, POUND & KOMER, P. A.

John B. Pound

JBP/ncd
cc:   Christopher Moody, Esq.
      Jean Bannon, Esq., UNM

# MOODY & WARNER, P.C.
LABOR & EMPLOYMENT ATTORNEYS

December 16, 2004

**VIA FAX**

Philip B. Davis
814 Marquette NW
Albuquerque, NM 87102-1959

    Re:   *Rogers v. Regents of the University of New Mexico*, U.S. District Court Case No. CIV 04-216 JC/LFG

Dear Phil:

Confirming our telephone conversation this morning, at Ms. Staley's deposition on January 4, 2005 I will ask only the following questions about her lawsuit against UNM:

1. I will ask her to confirm that she has filed a lawsuit against UNM;

2. I will ask her to identify her complaint;

3. I will ask her if she has read her complaint; and

4. I will ask her if the information in the complaint is accurate to the best of her information and belief.

I trust this satisfies your concerns.

Sincerely,

**MOODY & WARNER, P.C.**

By _____
Christopher M. Moody

**EXHIBIT D**

4169 Montgomery Blvd. NE
Albuquerque, NM 87109

Phone 505.944.0033
Fax 505.944.0034

LITIGATION & ADVICE IN:
Labor & Employment Law
Wrongful Termination
Employment Discrimination
Wage & Hour
Employee Handbooks
Labor/Management Relations