# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SANDRA ROGERS,

      Plaintiff,

vs.                                                                    No. CIV 04-216 JC/LFG

THE REGENTS OF THE UNIVERSITY
OF NEW MEXICO, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment, filed September 17, 2004 (*Doc. 34*). The Court, having considered the Motion, submissions by the parties, the relevant authority, and having conducted a hearing on November 17, 2004 in which it granted Defendants' Motion in part and denied it in part, hereby enters this Memorandum Opinion and Order (1) granting Defendant's Motion in part as to Count II of Plaintiff's complaint and (2) remanding Count I for lack of subject matter jurisdiction.

I.    **Background**

Plaintiff is a fifty-four year old Anglo woman who has been employed in the administration department of the University of New Mexico ("University") since 1976. In October 2002, the University School of Medicine ("UNMSOM") posted an announcement declaring that the position of Manager of Academic Affairs was open. Plaintiff had been satisfactorily performing the duties of that position for nearly one year on an interim basis at the time the University began the selection process to fill the position permanently. A search committee of six members was formed. Initially,

all applicants were ranked based on their résumés and written applications.  From this ranking, the committee intended to interview the five or six highest scorers.  Plaintiff was ranked fourth at that juncture and Ms. Rodriguez, the candidate ultimately selected, was ranked eleventh.  Ms. Rodriguez is a twenty-eight year old Hispanic female.  Notably, if the committee had made its decision based on the candidates' scores at that point, neither Plaintiff nor Ms. Rodriguez would have been chosen for the position.

The hiring criteria were then expanded to encompass a greater number of potential candidates because the committee realized that none of the top six candidates was from a protected or under-represented minority group.  The candidate who was awarded the position, Ms. Rodriguez, became a viable candidate only after expansion of the list.   Eleven candidates were then further scored and screened and, through implementation of modified ranking criteria, five finalists were selected to be interviewed by the hiring committee.  Ms. Rodriguez was ranked first going into the interviews and Plaintiff was ranked fifth.

The initial interviews were conducted by a group of interested administrators and were informal, though two committee members were present.  The second, formal interviews were conducted by the committee.  During the interview phase, Plaintiff was twice asked about her retirement plans.  The first question came during the informal session and it was posed by a non-committee member.  Plaintiff did not respond to that inquiry.  Instead, Plaintiff ignored the question, choosing to answer another question posed at the same time.  Subsequently, during Plaintiff's formal interview by the committee, a follow-up question about her retirement plans was asked and Plaintiff

responded that she had no plans to retire.[1]  Plaintiff asserts, and Defendant contests, that Plaintiff was the sole candidate questioned about retirement plans.

Following the interviews, the committee chose three candidates for recommendation to Ms. Scott, who was the hiring officer and is an Anglo woman.  Plaintiff was not among them.  The committee members recommended Ms. Rodriguez and two others.  The record reflects that all six committee members believed Ms. Rodriguez' performance in the formal interview was superior to Plaintiff's.  Ms. Scott hired Ms. Rodriguez.

## II.    <u>Legal Standard</u>

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  For purposes of a summary judgment motion, the evidence is viewed in the light most favorable to the non-moving party.  *Id*.  The moving party has the initial burden of showing that there is no genuine issue of material fact.  *Id.* at 256.  The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim, as "a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986).

Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The party opposing the

---

[1]Defendants maintain that Plaintiff had talked frequently and openly in the workplace about the possibility of retirement prior to applying for the promotion.

motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson,* 477 U.S. at 248, 256. To meet this burden, the non-movant must specify evidence in the record and demonstrate the precise manner in which that evidence supports its claims. *Gross v. Burggraf*, 53 F.3d 1531, 1546 (10th Cir. 1995). Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Id.* If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 597.

## III.   Discussion

### A.   *Racial Discrimination*

A Plaintiff alleging discriminatory treatment under Title VII and the New Mexico Human Rights Act must present either direct or indirect evidence sufficient to show intentional discrimination[2]. *Kendrick v. Penske Transp. Serv., Inc.*, 220 F.3d 1220, 1225 (10th Cir. 2000). In analyzing direct or circumstantial evidence of discrimination, courts apply the familiar burden-shifting approach set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). Under this familiar framework, a plaintiff is first required to make a prima facie case and the burden then shifts to the defendant to demonstrate a legitimate, non-discriminatory reason for its action. *Id.* at 802. Once the defendant has proffered a legitimate justification, the burden shifts back to the plaintiff to demonstrate that defendant's proffered reason is mere pretext for intentional discrimination. *Id.* at 804.

In order to make a prima facie showing of discrimination based on race, Plaintiff must

_____

[2]The New Mexico Supreme Court has adopted the same evidentiary methodology used by the federal courts in analyzing claims of unlawful discrimination. *Garcia-Montoya v. State Treasurer's Office*, 130 N.M. 25, 35 (2001).

establish that (1) she belongs to a protected class; (2) she suffered adverse employment action; and (3) the adverse employment action occurred under circumstances that give rise to an inference of unlawful discrimination. *Trujillo v. Univ. of Colorado Health Sciences Center*, 157 F.3d 1211, 1215 (10th Cir. 1998). However, given that Plaintiff's race is Anglo, Plaintiff belongs to an historically favored group. Therefore, the usual prima facie showing must be modified for the specific context of reverse discrimination. *Sanchez v. Phillip Morris, Inc.*, 992 F.2d 244, 248 (10th Cir. 1993). Instead of merely showing she belongs to a protected class, Plaintiff must show that the University is the unusual type of employer that discriminates against the majority. *Notari v. Denver Water Dept.*, 971 F.2d 585, 589 (10th Cir. 1992); *Livingston v. Roadway Express*, 802 F.2d 1250, 1252 (10th Cir. 1986). In support of her position, Plaintiff alleges that Defendants rigged the selection process so as not to select Plaintiff due to her age, 54, and her race, Anglo. Upon close examination, however, the allegations relating to Plaintiff's reverse discrimination claim are just that--mere allegations--and they lack sufficient factual and legal support from which a reasonable jury could find in her favor.

The position Plaintiff advances on her race claim is somewhat atypical. Plaintiff does not contend that Defendants' actions excluded her from competing for the job, but argues instead that another individual was included in the competitive process for impermissible reasons. Though the Court appreciates Plaintiff's displeasure with Defendants' modification of its original candidate list, it is, nonetheless, permissible for UNMSOM to apply affirmative action principles by assuring that minorities have equal opportunity to compete for a position, provided non-minorities are not denied the opportunity to compete on equal footing. *Buyers v. City of Albuqerque*, 150 F.3d 1271 (10th Cir. 1998). In this case, the undisputed evidence is that Plaintiff not only competed but was among a

5

small group of finalists selected to be interviewed in the final stage of the selection process, as was Ms. Rodriguez. Defendants urge the Court to end its inquiry here, but the Court will instead construe Plaintiff's argument to be that the footing was unequal because Defendants' decision to hire Ms. Rodriguez was made prior to the commencement of the "competition" and was based impermissibly upon a bias against Plaintiff as Anglo. In that vein, the Court looks to the evidence marshaled by Plaintiff in resistance to this Motion, and finds it fatally inadequate. In fact, Plaintiff's evidence that Ms. Rodriguez' promotion was a foregone conclusion consists of (1) her own subjective belief, and (2) her unsupported assertion that Defendants impermissibly manipulated the hiring process to reach a predetermined outcome. However, the unchallenged evidence before the Court clearly indicates that Plaintiff would not have been promoted to the position even if Ms. Rodriguez had not been among her competitors. Moreover, there is virtually no evidence to support Plaintiff's contention that Ms. Scott labored under an Anti-Anglo bias.

In sum, the Court finds that Plaintiff has not offered sufficient, competent summary judgment evidence to support an inference of intentional discrimination based on Plaintiff's Anglo race. Consequently, Plaintiff has failed to carry her burden on her claims under Title VII, the New Mexico Human Rights Act, and 42 U.S.C. § 1981. Thus, Count I of her Complaint is properly dismissed as a matter of law.

B.    *Age Discrimination*

Turning to Plaintiff's age discrimination claim (Count I), on which the Court originally denied summary judgment in the November, 2004 hearing, it has come to the Court's attention that there no longer exists any basis for subject matter jurisdiction over that claim in this Court and, thus, the Court's November ruling must be vacated. Specifically, Plaintiff's Second Amended Complaint, upon

6

which Defendants' removal was based, asserts claims pursuant to "The Human Rights Act, Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq., and 42 U.S.C. §§ [sic] 1981." Second Amended Complaint for Damages and Injunctive Relief for Violations of the Human Rights Act, Title VII and 42 U.S.C. §§ [sic] 1981, removed to this Court on February 26, 2004 as Ex. C to Notice of Removal (*Doc. 1*). Having disposed of Plaintiff's claims under the federal statutes, neither of which provides grounds for an age discrimination claim, the Court finds itself divested of pendent jurisdiction over the age discrimination claim brought pursuant to the New Mexico Human Rights Act, N.M.Stat.Ann. § 28-1-1 *et seq*. Thus, the Court must remand Plaintiff's age discrimination claim to New Mexico state court for resolution. Insofar as this ruling is inconsistent with the Court's oral ruling on the record November 17, 2004, the November ruling is vacated and superceded by this Memorandum Opinion and Order.

## IV.   Conclusion

For the foregoing reasons, the Court finds insufficient summary judgment evidence in support of Plaintiff's majority racial discrimination claim and, therefore, grants summary judgment in favor of Defendants and against Plaintiff on Count II of Plaintiff's Second Amended Complaint. The Court further remands the sole remaining state law claim to the Second Judicial District Court, State of New Mexico, County of Bernalillo, for resolution.

WHEREFORE,

**IT IS ORDERED** that Defendants' Motion for Summary Judgement, filed September 17, 2004 (*Doc. 34*) is granted in part such that Count II of Plaintiff's Second Amended Complaint is

dismissed with prejudice.  **IT IS FURTHER ORDERED** that Count I of Plaintiff's complaint is

remanded to New Mexico State District Court, County of Bernalillo, Second Judicial District.

      DATED January 4, 2005.

                                              SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

          Christopher Moody, Esq.
          Repps Stanford, Esq.
          Moody and Warner, P.C.
          Albuquerque, New Mexico

Counsel for Defendant:

          John Pound, Esq.
          Long, Pound & Komer. P.A.
          Santa Fe, New Mexico